**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **GERALD ANDERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL NO. 05-0393-WS-M** |
| | ) | |
| **JOHN GREENE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the Court on defendant John Greene's Motion to Alter, Amend or Vacate (doc. 11).  The Court having reviewed the Motion and accompanying materials, the Motion is now ripe for disposition.[1]

**I.      Background.**

On July 6, 2005, defendants, Conecuh County Deputy Sheriff John Greene and Sheriff Tracey Hawsey, removed this action from the Circuit Court of Monroe County, Alabama, where it had been pending for nearly a year.  Removal was predicated on Circuit Court Judge Sam Welch's ruling of June 8, 2005, authorizing plaintiff Gerald Anderson to amend his Complaint to plead causes of action under 42 U.S.C. §§ 1981(a) and 1983.

Concurrently with their Notice of Removal, defendants filed a Motion to Dismiss (doc. 2) in which they contended that plaintiff's claims were barred on various grounds including, *inter alia*, res judicata, failure to state a claim against Sheriff Hawsey upon which relief can be granted, qualified immunity as to the § 1983 claims and sovereign immunity as to the state law claims.  Despite being given an opportunity to do so, plaintiff filed no response to the Motion to Dismiss.

---

[1]      Deputy Greene has requested oral argument.  (Motion, ¶ 10.)  After careful review of the materials submitted, and all parts of the court file deemed relevant, the Court is of the opinion that oral argument would not be of material assistance in resolving the pending motion.  As such, the request for oral argument is **denied**.  *See* Local Rule 7.3 (providing that "the court may in its discretion rule on any motion without oral argument").

On August 16, 2005, the undersigned entered an Order (doc. 9) granting the Motion to Dismiss in part, and denying it in part.  In particular, the Court reasoned that the state court judge's decision to grant summary judgment in favor of Deputy Greene could only have been intended as a dismissal without prejudice, inasmuch as immediately after doing so the state court judge authorized Anderson to amend his complaint to bring new and additional claims against Deputy Greene.  On that basis, the Court concluded, res judicata was inapplicable.  Likewise, the Court found that Deputy Greene was not entitled to dismissal of the § 1983 claims against him on qualified immunity grounds, inasmuch as he had failed to meet his burden of demonstrating that he was acting within the scope of his discretionary authority at the time of the alleged acts.  The Court expressly preserved Deputy Greene's right to reassert the qualified immunity defense in a Rule 56 motion at an appropriate time.

Except as stated, the August 16 Order dismissed all claims against all parties.  Thus, the sole remaining claim in this action is plaintiff's Count Five § 1983 claim alleging violation of Anderson's Fourteenth Amendment rights.  Given the ambiguities in the Amended Complaint, the referenced Order required Anderson to submit a Second Amended Complaint fleshing out the legal and factual basis of his § 1983 cause of action against Deputy Greene on or before September 9, 2005.  In lieu of awaiting the amended pleading and mounting a fresh attack against it if appropriate, Deputy Greene filed a motion to reconsider the August 16 Order, based on the written order entered by Judge Welch on June 8, 2005 (the "State Court Order").[2]  According to Deputy Greene, the State Court Order proves that res judicata applies here because it granted a final judgment in his favor.  Defendant also argues that the State Court Order establishes conclusively that he was acting within the scope of his discretionary authority at the time of the events in question, thereby barring relitigation of that issue pursuant to principles of collateral estoppel.

**II.    Analysis.**

      ***A.    Reconsideration is Not Appropriate Here.***

---

[2]    The State Court Order apparently was not filed in state court until July 8, 2005, even though it was signed by Judge Welch a full month earlier.  For purposes of this Order, the Court will accept Deputy Greene's representation that he lacked access to the State Court Order until July 8, 2005.

In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly. *See United States v. Bailey*, 288 F. Supp.2d 1261, 1267 (M.D. Fla. 2003); *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa. 1992); *Spellman v. Haley*, 2004 WL 866837, *2 (M.D. Ala. Feb. 22, 2002) ("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling"). Indeed, as a general rule, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Medical Center of Alabama, Inc. v. Riley*, 284 F. Supp.2d 1350, 1355 (M.D. Ala. 2003); *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.").

It is well established in this circuit that "[a]dditional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." *Rossi v. Troy State University*, 330 F. Supp.2d 1240, 1249 (M.D. Ala. 2002) (denying motion to reconsider where plaintiff failed to submit evidence in question prior to entry of order and failed to show good cause why he could not have done so).[3]  Furthermore, the Eleventh Circuit has declared that "a motion to reconsider should not be used by the parties to set forth new theories of law." *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997); *see also Russell Petroleum Corp. v. Environ Products, Inc.*, 333 F. Supp.2d 1228, 1234 (M.D. Ala. 2004) (relying on *Mays* to deny motion to reconsider where movant advanced several new arguments); *Coppage v. U.S. Postal Service*, 129 F. Supp.2d 1378, 1379-81 (M.D. Ga. 2001) (similar).

Defendant Greene insists that reconsideration of the August 16 Order is warranted based on the contents of the State Court Order.  He explains that this order is "previously unavailable" and "new

---

[3]     Likewise, motions to reconsider are not a platform to relitigate arguments previously considered and rejected. *See Lazo v. Washington Mutual Bank*, 2001 WL 577029, *1 (9th Cir. May 29, 2001) (motion to reconsider is properly denied where movant merely reiterates meritless arguments); *American Marietta Corp. v. Essroc Cement Corp.*, 2003 WL 463493, *3 (6th Cir. Feb. 19, 2003) (similar).

evidence" because it was filed on July 8, 2005, two days after Deputy Greene filed his Motion to Dismiss. The Court cannot agree. Irrespective of whether defense counsel had the State Court Order in hand when he filed the Motion to Dismiss, it is uncontroverted that he had actual possession of that document nearly six weeks before this Court ruled on the Motion to Dismiss. During that time, Deputy Greene made no effort to supplement the record to include the State Court Order which he now maintains is of vital importance to his Motion to Dismiss. Defense counsel is certainly correct that "[t]he Court's findings were made without the benefit of having the final Order from the state court" (Defendant's Brief (doc. 12), at 6), but that situation was entirely the result of Deputy Greene's inexplicable failure to put said order before this Court back in July. In the absence of any explanation why defendant did not bring the State Court Order to the undersigned's attention despite having actual knowledge of it for more than a month before entry of the August 16 Order, the Court cannot embrace defense counsel's characterization of the State Court Order as "new evidence." Deputy Greene could and should have submitted that document well in advance of the August 16 Order. He did not. As such, the State Court Order is not "new evidence" and is not a valid basis for reconsideration.[4]

**B.      Defendant Greene Has Presented No Viable Grounds for Rule 59 Relief.**

Even if the Court were to deem the State Court Order "new evidence" and grant Deputy Greene's plea for reconsideration on that basis, he would not be entitled to relief from the August 16 Order on either the res judicata or the qualified immunity issues.

Defendant's first contention is that the State Court Order establishes his entitlement to res judicata as to the § 1983 claim. In so arguing, defendant apparently relies on Judge Welch's holding that "the Plaintiff's claims against John Greene are due to be and are, hereby, dismissed" and "the Court therefore expressly directs the entry of a final judgment in the Defendant's favor." (State Court

---

[4]      In addition to the State Court Order, Greene's Motion also relies the Affidavit of John D. Greene dated September 20, 2004, and the Affidavit of Tyrone Boykins dated September 20, 2004. (Defendant's Brief, at Exh. B & C.) Both affidavits were apparently procured by defense counsel in connection with the state court proceedings last fall. Under no possible rationale could these items be characterized as "new evidence"; therefore, they do not provide a viable basis for reconsideration.

Order, at 5.)  According to defendant, "[a]s the July 8, 2005 Order grants Final Judgment on the merits, *res judicata* bars the Plaintiff's relitigation of his claims in this Court."  (Defendant's Brief, at 3.) The fundamental defect with defendant's reasoning is that it fails to harmonize Judge Welch's written order of June 8, 2005 with his act of allowing Anderson to amend his complaint to assert new and different claims against Deputy Greene immediately after entering summary judgment in Deputy Greene's favor.  As the August 16 Order explains in detail, the only plausible construction of Judge Welch's two June 8 rulings is that he did not intend the judgment to operate as a final dismissal with prejudice in Deputy Greene's favor, but that he simply granted summary judgment to Deputy Greene without prejudice to Anderson's right to assert additional claims, while simultaneously authorizing Anderson to pursue such new claims against Deputy Greene in an amended complaint.  (*See* August 16 Order, at 6.)  Nothing in Judge Welch's written order undermines this reasoning or suggests any other rational interpretation of his two contemporaneous determinations.[5]  Accordingly, even if the Court were to grant defendant's request for reconsideration, the State Court Order in no way compels or encourages a different result to the res judicata analysis set forth in the August 16 Order.

Defendant's second argument is that the State Court Order "contains findings of fact that demonstrate conclusively that Deputy Greene was acting within his discretionary authority" during the

---

[5]        Significantly, nowhere in the State Court Order does Judge Welch indicate that plaintiff's claims against Deputy Greene are dismissed with prejudice.  Absent such a designation, the Court cannot construe Judge Welch's actions as a dismissal with prejudice, as is required to trigger res judicata.  *See generally USA Petroleum Corp. v. Hines*, 770 So.2d 589, 591 (Ala. 1999) (where trial court's order dismissing claims against defendant "is silent as to whether the dismissal was with prejudice ..., we must presume that the dismissal was without prejudice and that it would have no res judicata effect").  Moreover, the State Court Order makes no mention of Judge Welch's granting of the motion to amend complaint, which he did on the same date, mere moments after granting the motion for summary judgment.  Because of that omission, the State Court Order in no way casts doubt on the validity of this Court's reconciliation of Judge Welch's seemingly disparate rulings of June 8, 2005. Finally, although defendant may disagree with this Court's interpretation of the state court's admittedly paradoxical decisions, he has offered no other reasonable means of harmonizing them.  To the extent that he does not understand those rulings, defendant is in a dilemma of his own creation because he chose to remove this action to federal court rather than giving Judge Welch an opportunity to explain and reconcile his decisions by keeping the action in Monroe County Circuit Court.

events at issue, and that collateral estoppel therefore bars relitigation of that matter.   (Defendant's Brief, at 5.)  But Judge Welch was not called upon to make any determinations as to whether Deputy Greene was acting within his discretionary authority when the allegedly wrongful acts occurred.  Judge Welch could not have made any such rulings, because he was not confronted with Anderson's § 1983 claims or defendant's concomitant qualified immunity defense.  Instead, the question before Judge Welch was whether Deputy Greene "was in the course and scope of his duties" for purposes of his sovereign immunity defense to state law claims.  (State Court Order, at 4.)  That Judge Welch answered that question in the affirmative is not necessarily dispositive of the "discretionary function" test for qualified immunity eligibility because the two legal standards diverge.  *Compare Ex parte Haralson*, 871 So.2d 802, 806 (Ala. 2003) (explaining that state immunity typically turns on whether deputy "was acting within the line and scope of his duties at the time of the accident") *where Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004) (discretionary function test requires defendant to show that government official was "(a) pursuing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within his power to utilize").  Therefore, the state court's findings on state sovereign immunity do not automatically entitle Deputy Greene to qualified immunity on the newly asserted federal claims.[6]

  Even if the Court found that defendant was entitled to reconsideration and that the State Court

---

   [6]  Deputy Greene's motion to reconsider makes much of certain findings of fact made by Judge Welch in connection with his determination that defendant was acting within the course and scope of his duties for sovereign immunity purposes.  (Defendant's Brief, at 5-6.)  These findings trace the circumstances under which Deputy Greene traveled to Anderson's home.  Judge Welch found that Deputy Greene was employed as Chief Investigator of the Conecuh County Sheriff's Department as of September 2003, that Anderson's brother informed Deputy Greene that Anderson had purchased from a person named "Possum" certain items stolen in Conecuh County, and that Deputy Greene, while on duty, traveled to Anderson's home to investigate.  (State Court Order, at 1-2.)  Such findings may be sufficient to establish that Deputy Greene was "pursuing a job-related goal," but they say nothing about whether he did so "through means within his power to utilize."  *Holloman*, 370 F.3d at 1264.  The absence of factual findings by Judge Welch relating to the second *Holloman* factor precludes the Court from construing the State Court Order as mandating that Deputy Greene was acting within his discretionary authority, or from finding that principles of collateral estoppel foreclose any debate over Deputy Greene's entitlement to the qualified immunity defense as to plaintiff's § 1983 cause of action.

Order was conclusive on the question of whether Deputy Greene was performing a "discretionary function," the ultimate disposition of the qualified immunity analysis remains unknown and unknowable at this time.  The Eleventh Circuit has counseled that once a government official establishes that he was engaged in a discretionary function, the burden shifts to the plaintiff to show that the defendant committed a constitutional violation and that the constitutional right was clearly established at the time of the officer's actions.  *See, e.g., Crosby v. Monroe County*, 394 F.3d 1328, 1332 (11th Cir. 2004).  Pursuant to the August 16 Order, plaintiff has been ordered to file a Second Amended Complaint clarifying the factual and legal basis of his § 1983 claim against Deputy Greene.  Until that amended pleading is filed, this Court cannot assess Anderson's ability to satisfy his burden.  Accordingly, in light of the imminent filing of the Second Amended Complaint, it would be manifestly improper to dismiss Anderson's § 1983 claim against Greene on qualified immunity grounds, because the merits of such defense cannot possibly be evaluated in advance of the filing of such amended pleading.

## III.    Conclusion.

In sum, defendant's Motion to Alter, Amend or Vacate (doc. 11) misapplies applicable precedents, overstates the significance of the State Court Order, and overlooks the procedural posture of this action in the wake of the August 16 Order.  The Motion is **denied**.  Nothing herein alters or affects plaintiff's obligations under the August 16 Order to submit a Second Amended Complaint on or before September 9, 2005.


DONE and ORDERED this 26th day of August, 2005.


s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE