IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GERALD ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 05-0393-WS-M |
| ) | |
| JOHN GREENE, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on plaintiff Gerald Anderson's Motion to Alter and/or Amend (doc. 13). After careful review of the Motion and supporting memorandum of law,[1] as well as all other parts of the file deemed relevant, the Motion is **denied**.

**I.      Background.**

On July 6, 2005, defendants, Conecuh County Deputy Sheriff John Greene and Sheriff Tracey Hawsey, removed this action from the Circuit Court of Monroe County, Alabama, where it had been pending for nearly a year. Removal was predicated on Circuit Court Judge Sam Welch's ruling of June 8, 2005, authorizing plaintiff Gerald Anderson to amend his Complaint to plead causes of action under 42 U.S.C. §§ 1981(a) and 1983.

Concurrently with their Notice of Removal, defendants filed a Motion to Dismiss (doc. 2) in which they contended that plaintiff's claims were barred on various grounds including, *inter alia*, res judicata, failure to state a claim against Sheriff Hawsey, qualified immunity as to the § 1983 claims and

---

[1]      Portions of plaintiff's brief reference arguments and facts having nothing to do with this case, including a discussion of the intracorporate conspiracy doctrine, an assertion that Deputy Greene "took property belonging to the Plaintiff and converted it to his own use," and a contention that Deputy Greene "attempt[ed] to deprive the Plaintiff of him [*sic*] ability to earn a living by him [*sic*] chosen profession by making false allegations to the Alabama State Bar." (Plaintiff's Brief, at 8.) To the Court's knowledge, the intracorporate conspiracy doctrine has never been invoked in this action, nor has there ever been any suggestion that Deputy Greene either converted Anderson's property or reported Anderson to the Alabama State Bar.

sovereign immunity as to the state law claims. On July 6, 2005, the Court entered an Order (doc. 4) providing that plaintiff's response to the Motion to Dismiss must be filed on or before July 22, 2005. On July 25, plaintiff's counsel filed an untimely request for enlargement of time, asking for the response deadline to be extended through July 28. Although the Court granted this request, plaintiff inexplicably submitted no responsive brief during the ensuing three week period.

On August 16, 2005, the undersigned entered an Order (doc. 9) granting the Motion to Dismiss in part, and denying it in part. In particular, the Court dismissed plaintiff's claim under 42 U.S.C. § 1981 given the Amended Complaint's failure to suggest, much less reasonably plead facts, that Anderson belongs to a racial minority or that defendants intentionally discriminated against him on the basis of race. The August 16 Order further dismissed plaintiff's § 1983 claim to the extent that it purported to rest on a theory that defendants had violated statutory rights afforded under that section, inasmuch as § 1983 creates no substantive rights. With regard to Sheriff Hawsey, the Court dismissed all of plaintiff's § 1983 claims because "the Amended Complaint's vague, conclusory allegations against [him] ... fail to satisfy minimum notice pleading requirements, and fail to state a claim upon which relief can be granted." (August 16 Order, at 9.)[2] That Order also dismissed all state law claims against Sheriff Hawsey and Deputy Greene, pursuant to established principles of sovereign immunity. The upshot of the August 16 Order was that all of plaintiff's claims were dismissed, with the exception of plaintiff's Count Five § 1983 claim against Deputy Greene alleging violation of Anderson's Fourteenth Amendment rights. Given the ambiguities in the Amended Complaint, Anderson was ordered to submit a Second Amended Complaint fleshing out the legal and factual bases of his § 1983 cause of action against Deputy Greene, which he has now done.[3]

On August 26, 2005, some ten days after entry of the Order on the Motion to Dismiss, plaintiff

---

[2]   In this regard, the Court explained that while Anderson had never articulated his theory of liability, it appeared that he was pursuing § 1983 claims against Sheriff Hawsey predicated on notions of vicarious liability or negligent supervision, both of which fail as a matter of law. (August 16 Order, at 8-9.)

[3]   Deputy Greene has filed a Motion to Dismiss (doc. 16) as to the Second Amended Complaint, a briefing schedule for which will be set forth *infra*.

filed a Motion to Alter or Amend (doc. 13), contending that plaintiff's failure to respond to the Motion to Dismiss was "inadvertent" and that plaintiff's claims against Sheriff Hawsey were "open and obvious and should have not been dismissed." (Motion to Alter, at ¶¶ 1, 2.)[4]

## II.     Analysis.

### A.     *Legal Standard for Reconsideration.*

In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly. *See United States v. Bailey*, 288 F. Supp.2d 1261, 1267 (M.D. Fla. 2003); *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa. 1992); *Spellman v. Haley*, 2004 WL 866837, *2 (M.D. Ala. Feb. 22, 2002) ("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling"). Indeed, as a general rule, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Medical Center of Alabama, Inc. v. Riley*, 284 F. Supp.2d 1350, 1355 (M.D. Ala. 2003); *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.").

It is well established in this circuit that "facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." *Rossi v. Troy State University*, 330 F. Supp.2d 1240, 1249 (M.D. Ala. 2002) (denying motion to reconsider where plaintiff failed to submit evidence in question prior to entry of order and failed to show good cause why he could not have done so).[5] Furthermore, the Eleventh Circuit has declared that "a motion to

---

[4] Plaintiff's Motion to Alter marks the second occasion on which the parties have obliged the Court to revisit the August 16 Order. Deputy Greene's Motion to Alter, Amend or Vacate (doc. 11) was denied via Order (doc. 15) dated August 26, on the ground that defendant had failed to show a valid basis for reconsideration and, even if he had, he was not entitled to relief from the August 16 Order on either res judicata or qualified immunity grounds.

[5] Likewise, motions to reconsider are not a platform to relitigate arguments previously considered and rejected. *See Lazo v. Washington Mutual Bank*, 2001 WL 577029, *1 (9th Cir. May 29, 2001) (motion to reconsider is properly denied where movant merely reiterates meritless

reconsider should not be used by the parties to set forth new theories of law." *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997); *see also Russell Petroleum Corp. v. Environ Products, Inc.*, 333 F. Supp.2d 1228, 1234 (M.D. Ala. 2004) (relying on *Mays* to deny motion to reconsider where movant advanced several new arguments); *Coppage v. U.S. Postal Service*, 129 F. Supp.2d 1378, 1379-81 (M.D. Ga. 2001) (similar).

Plaintiff seeks to justify reconsideration of the August 16 Order via conclusory statements that counsel's failure to submit a responsive brief "was inadvertent" and that Anderson's § 1983 claims against Sheriff Hawsey are "open and obvious and should not have been dismissed."  (Motion, ¶¶ 1-2.) But simply stating that counsel made an inadvertent omission, without more, is not a valid ground for relief under Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure.  *See Solaroll Shade and Shutter Corp. v. Bio-Energy Systems, Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986) (observing that "an attorney's negligent failure to respond to a motion does not constitute excusable neglect, even if that attorney is preoccupied with other litigation").  At a minimum, counsel must show that his oversight was "excusable" and that Anderson had a defense to the Rule 12(b) Motion that "probably would have been successful."  *Id.*  Plaintiff has clearly not done the former, offering no explanation for the circumstances under which he failed to respond to the Motion to Dismiss in the time allotted by the Court's Orders.  Even if he had, plaintiff has identified no arguments or theories that would reasonably have produced a different result, as explained *infra*.

In light of the foregoing, the Court surmises that the gravamen of plaintiff's Motion is that the August 16 Order should be amended to correct purported "manifest injustice" that would result from dismissing "open and obvious" claims based on mere attorney "inadvertence."

### B. *Plaintiff Cannot Show Manifest Injustice.*

Much of plaintiff's memorandum is devoted to exposing flaws in legal theories that did not

---

arguments); *American Marietta Corp. v. Essroc Cement Corp.*, 2003 WL 463493, *3 (6th Cir. Feb. 19, 2003) (similar).

animate the result in the August 16 Order.[6]  This Court dismissed the § 1983 claims against Sheriff Hawsey not because of qualified immunity, Eleventh Amendment immunity, or the intracorporate conspiracy doctrine, but because plaintiff failed to satisfy basic pleading requirements.  In particular, the August 16 Order determined that plaintiff's only possible theories of proceeding under § 1983 against Sheriff Hawsey were either that the latter should be vicariously liable for Deputy Greene's actions (a theory not cognizable as a matter of law) or that there was a "causal connection" between Sheriff Hawsey's actions and the alleged constitutional deprivation (a theory devoid of support in the Amended Complaint). (August 16 Order, at 8-9.)[7]

Anderson now attempts to recast his § 1983 claims against Sheriff Hawsey in two respects. First, he argues that the Amended Complaint "has alleged that Sheriff Hawsey personally participate [*sic*] in a conspiracy to deprive Gerald Anderson of him [*sic*] constitutional and/or statutory rights." (Plaintiff's Brief, at 17.)  The Amended Complaint alleges no such thing.  A plaintiff cannot obtain Rule 59(e) or Rule 60(b) relief by attempting to refashion the allegations of his complaint into new,

---

[6]      Indeed, plaintiff devotes considerable effort to arguing that Sheriff Hawsey is not entitled to Eleventh Amendment immunity on the § 1983 claims, that he is not entitled to qualified immunity, that plaintiff has satisfied the heightened pleading requirement for § 1983 claims involving qualified immunity, that the intracorporate conspiracy doctrine is inapplicable, and that defendants are not entitled to protection under *Heck v. Humphrey*. (Plaintiff's Brief, at 6-20.)  But plaintiff is shadowboxing with himself, inasmuch as the August 16 Order relied on none of these rationales in dismissing the § 1983 claims against Sheriff Hawsey, which are the only claims implicated by plaintiff's Motion to Alter.  Anderson also argues that defendants' Rule 12(b)(6) motion was premature, inasmuch as "the jurisdictional issue is bound up with the merits." (Plaintiff's Brief, at 2-5.)  But plaintiff never explains why he believes such purported intertwining exists in this case, much less why he should be entitled to discovery if (as this Court has found) he has failed to state claims against Sheriff Hawsey upon which relief can be granted.  In any event, the Court is of the opinion that defendants' Motion to Dismiss was not premature and that, in contrast to the authority cited by Anderson, defendants' Motion did not require discovery of jurisdictional facts.

[7]      Anderson apparently does not take issue with the dismissal of his state law claims and § 1981 claims.  Indeed, his Motion to Alter requests only that the Court "reinstate the 42 U.S.C. § 1983 claims against Sheriff Tracy Hawsey." (Motion to Alter, at 2.)  Inasmuch as Anderson is plainly not seeking alteration of the judgment as to those state law claims or § 1981 claims, the Court need not and will not revisit those aspects of the August 16 Order.

heretofore unpleaded theories of liability.  The Amended Complaint does not assert a claim under 42 U.S.C. § 1985.  As such, this newly asserted accusation of conspiracy is not a valid basis for altering or amending the August 16 Order.

Second, Anderson argues that he has pleaded the requisite "causal connection" for supervisory liability.  To show a causal connection between the actions of a supervising official and an alleged constitutional deprivation, a plaintiff may show "a history of widespread abuse [that] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so" or "a supervisor's custom or policy [that] results in deliberate indifference to constitutional rights" or "an inference that the supervisor directed the subordinates to act unlawfully or ***knew that the subordinates would act unlawfully and failed to stop them from doing so***."  *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (emphasis added).  Anderson seeks to establish the requisite "causal connection" through the last *Cottone* avenue by asserting that Sheriff Hawsey knew Deputy Greene would act unlawfully and failed to stop him.  (Plaintiff's Brief, at 17-18.)  But the only allegation in the Amended Complaint that even remotely touches on this factor is the allegation that Sheriff Hawsey "knew or should have known by virtue of past conduct of Greene's propensity for making false charges."  (Amended Complaint, ¶ 26.)  In the opinion of the undersigned, an allegation in the Amended Complaint that Sheriff Hawsey knew or had reason to know that Deputy Greene had previously made false charges is insufficient as a matter of law to support a theory that Sheriff Hawsey knew that Deputy Greene would violate Anderson's constitutional rights by slapping him, invading his home, photographing his belongings, and questioning him without reason.[8]

---

[8] Once again, Anderson attempts to utilize his Motion to Alter as a mechanism for amending his pleading, inasmuch as his supporting brief alleges that "Sheriff Hawsey had notice that Deputy Green [*sic*] had a history of unlawful acts" and a propensity to "act outside of the bounds of his duties," including false arrest, assault, and vindictive fabrication of charges against an attorney whose client was suing Deputy Greene for professional misconduct.  (Plaintiff's Brief, at 13, 17-18.)  The problem is that the Amended Complaint alleges only that Sheriff Hawsey knew or should have known that Deputy Greene had a propensity to make false charges. (Amended Complaint, ¶ 26.)  Nothing in Anderson's claims against Deputy Greene has anything to do with purported "false charges."  As such, the Amended Complaint cannot sustain an inference that Sheriff Hawsey knew Deputy Greene would act unlawfully against Anderson and failed to prevent him from doing so.

### III.     Conclusion.

In short, plaintiff's Motion to Alter or Amend falls well short of establishing the "clear error or manifest injustice" required in order to entitle Anderson to reconsideration of the August 16 Order under Rule 59(e) and Rule 60(b).  More generally, nothing in the Motion persuades the Court that the August 16 Order should be reconsidered, much less altered, amended, or vacated.  Accordingly, plaintiff's Motion to Alter and/or Amend (doc. 13) the August 16 Order is **denied**.

As noted *supra*, Deputy Greene has now filed a Motion to Dismiss (doc. 16) the Second Amended Complaint (doc. 14) filed on August 26, 2005.  Any party opposing that Motion must file a response, supported by legal authority as appropriate, on or before **September 26, 2005.**  Defendant will be allowed until **October 3, 2005** to file a reply.  If the Court determines that oral argument is necessary, the parties will be notified and a hearing will be scheduled.  Otherwise, the Motion to Dismiss will be taken under submission after **October 3, 2005**.  Plaintiff is cautioned that failure to respond to the Motion to Dismiss in a timely manner will be construed as a waiver of the right to be heard and may result in said Motion being granted.

DONE and ORDERED this 14th day of September, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE